UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM S. SHAW,

    Plaintiff,

v().                                         Case No:  2:22-cv-51-JLB-MRM

KATHERINE K. STRANGE, CINDY S.
TORRES, and LEE COUNTY SHERIFF'S
OFFICE,

    Defendants.
_____

## ORDER

Pro se Plaintiff, William Shaw, initially filed this action in state court. (See Docs. 1, 7.) Defendants Katherine Strange, Cindy Torres, and the Lee County Sheriff's Office (collectively, "Defendants") removed the Complaint given Mr. Shaw's claims under the Fourth Amendment of the United States Constitution. (Doc. 7.) They then moved to dismiss. (Doc. 12.) Mr. Shaw then filed a document, which the Court construes as both a motion to amend his complaint and to remand the case to state court. (Doc. 15.) Included with that filing, Mr. Shaw attaches a new complaint, which omits any federal claims. (Id. at 2–4.)

In his pro se filing, which this Court construes liberally, Mr. Shaw seeks to amend his pleading to omit any federal claims and asks that the Court remand this matter so he may proceed in state court. (Id.) Though Defendants concede Mr. Shaw may amend as a matter of course in this Court, they argue remand is premature because Mr. Shaw has not yet "docketed" an amended pleading.

(Doc. 16.)   Nevertheless, because Mr. Shaw provides his amended pleading for docketing, the Court disagrees with Defendants and orders that this case is **REMANDED**.

## DISCUSSION

As an initial matter, "a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).   Accordingly, the Court construes Mr. Shaw's filing (Doc. 15) as a motion to remand and accepts pages two to four of that filing as his amended pleading ("Amended Complaint"). As Defendants concede, Mr. Shaw may amend his pleading as a matter of course because he sought to do so only three days after Defendants filed their motion to dismiss.   (Docs. 12, 15); Fed. R. Civ. P. 15(a)(1)(B).   Thus, the Clerk will be directed to file the Amended Complaint (Doc. 15 at 2–4) as a separate docket entry, and the Court will otherwise construe it as the operative pleading.   For these reasons, Defendants' motion to dismiss (Doc. 12) is due to be denied as moot, as is their opposition to remand on this basis (Doc. 16).

The Amended Complaint references only state law claims (Doc. 15 at 2–4), but that is not to say this divests the Court of subject matter jurisdiction.   Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002).   Still, in situations like this where all claims over which a district court had original jurisdiction are no longer pending, federal courts may decline to exercise supplemental jurisdiction over the

- 2 -

remaining state law claims.   28 U.S.C. § 1367(c)(3).   And in declining to exercise that jurisdiction, district courts may remand such matters to state court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).   In fact, "if the federal claims are dismissed prior to trial, [district courts are] strongly encourage[d]" to remand the state claims.   See L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)).

Taking into account "concerns of comity, judicial economy, convenience, fairness, and the like," the Court can discern no reason to exercise supplemental jurisdiction over Mr. Shaw's remaining state law claims.   Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001) (quotation omitted).[1]   The factors of comity and judicial economy favor remand.   See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002); Gibbs, 383 U.S. at 726.   Florida state courts are best suited to resolve Florida law issues.   And while convenience may just barely tip in Defendants' favor, this case is still in its infancy, negating any prejudice or undue burden Defendants may suffer.   As such, the factors of fairness and convenience also edge towards remand.

---

[1] Consideration of these factors may even be unnecessary.   See Sutherland v. Glob. Equip. Co., 789 F. App'x 156, 162 (11th Cir. 2019), 789 F. App'x 156, 162 (11th Cir. 2019); see also Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994))).

Accordingly, it is **ORDERED**:

1. The Clerk is **DIRECTED** to file Plaintiff's Amended Complaint (Doc. 15 at 2–4) as a separate docket entry. The Court **declines** to exercise supplemental jurisdiction over the remaining state law claims.

2. Defendants' motion to dismiss (Doc. 12) is **DENIED without prejudice and as moot** in light of the Amended Complaint.

3. Plaintiff's construed motion to remand (Doc. 15) is **GRANTED**.

4. This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

5. The Clerk is **further directed** to terminate any pending motions and deadlines and close the file.

**ORDERED** at Fort Myers, Florida, on March 31, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE